**Paula Corbin JONES, Plaintiff,**

v.

**William Jefferson CLINTON and Danny Ferguson, Defendants.**

No. LR–C–94–290.

United States District Court,
E.D. Arkansas,
Western Division.

Feb. 24, 1995.

Daniel M. Traylor, Traylor Law Firm, Little Rock, AR, Gilbert K. Davis and Joseph Cammarata, Fairfax, VA, for plaintiff.

Kathlyn Graves, Wright, Lindsey & Jennings, Stephen C. Engstrom, Wilson, Engstrom, Corum, Dudley & Coulter, Little Rock, AR, Robert S. Bennett, Skadden, Arps, Slate, Meaghen & Flom, Washington, DC, Bill W. Bristow, Seay & Bristow, Jonesboro, AR, Robert Batton, Jacksonville, AR, and Douglas N. Letter and Scott R. McIntosh, U.S. Dept. of Justice, Civ. Div., Washington, DC, for defendants.

SUSAN WEBBER WRIGHT, District Judge.

On December 28, 1994, this Court entered a Memorandum Opinion and Order denying the motion of Defendant William Jefferson Clinton to dismiss on the grounds of presidential immunity. The Court found, however, that trial of the entire matter should be delayed until after President Clinton leaves office. In spite of ordering a delay in setting the case for trial, the Court found that discovery could proceed as to all persons, including the President.

Both sides have appealed the Court's Order, and President Clinton has filed a Motion for Stay Pending Appeal. Plaintiff has responded in opposition to the motion, and the President has filed a reply to Plaintiff's response. For the reasons stated below, the Court grants the motion for stay.

I.

▮ The denial of the President's motion to dismiss on the grounds of presidential immunity constitutes a "final" order that is immediately appealable under 28 U.S.C. § 1291. An appeal from a denial of official immunity requires a stay of all proceedings pending resolution of the appeal. As stated in *Johnson v. Hay*, 931 F.2d 456, 459 n. 2 (8th Cir.1991), upon the filing of a notice of appeal in an immunity case, "[j]urisdiction has been vested in the court of appeals and the district court should not act further." Thus, this Court no longer has jurisdiction over those aspects of the case involved in the President's appeal to the Eighth Circuit.[1]

The parties agree and there is no question that the Court is required to stay discovery

1. The issues on appeal, as stated in the President's Certificate Regarding Transcript and Notice of Issues on Appeal, are as follows:

   1. Whether the Constitution and principles of separation of powers require the dismissal without prejudice of this civil damages suit against an incumbent President and his co-defendant, and the tolling of any statutes of limitation applicable to the claims asserted therein, until such time as the President is no longer in office;

   2. Whether the District Court's Order of December 28, 1994, erred in holding that the

Supreme Court's decision in *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982), requires that sitting Presidents be immune only from trial, and not from the demands of litigating pretrial motions and conducting discovery, which are equally burdensome and distracting to the office of the President; and

   3. Whether the District Court's Order of December 28, 1994, erred in refusing to stay the proceedings in their entirety until such time as the President leaves office.

*See Docket Entry # 38.*

against the President pending appeal. There is, however, a separate defendant in this case, Arkansas State Trooper Danny Ferguson, who has filed an answer to the complaint and has nothing to appeal. The President moves the Court to stay all proceedings against Ferguson as well, arguing that the issue of whether the case should go forward against Ferguson is one of the " 'aspects of the case involved in the appeal.' " *Johnson v. Hay, supra.*

Plaintiff responds that while the effect of the President's appeal is to halt proceedings related to him, there is no reason or right to stop the case as it relates to Ferguson. Plaintiff contends that just as immune and non-immune claims arising in the same lawsuit may proceed on separate tracks, so too may immune and non-immune defendants proceed separately. Plaintiff also urges that the President has two roles in this case, one as a defendant and another as a witness. Even though all proceedings against him in his role as defendant may be stayed pending appeal, Plaintiff asserts the President may still be subject to discovery on other claims as a witness.

## II.

■ The Court rejects the President's attempt to, in effect, claim immunity on behalf of Ferguson, who has advanced no such right. The President's argument goes beyond any authority this Court has been able to find. The Court is unwilling to extend the effects of the President's immunity to Ferguson and finds that it retains jurisdiction over the case as to the Plaintiff's claims against him.

While the Court is not convinced by the President's argument that Plaintiff's claims against Ferguson are part of the aspects of the appeal, it will, nevertheless, grant President Clinton's motion to stay all proceedings in this case pending the appeal for another reason.

■ The Court cannot imagine how proceedings can go forward against Ferguson without the heavy involvement of the President through his attorneys. The claims are so inextricably intertwined that in order to protect the President to the full extent that his claim of immunity would provide, the Court finds that the motion should be granted. The pragmatic fact is that if discovery were allowed to proceed against Ferguson, he could only testify to action on his part, and other deponents would have to limit their testimony to Ferguson. Trooper Ferguson's testimony is among the most important in this case, but if he could not testify as to then-Governor Clinton's instructions to him, if any, and to the Governor's involvement in this matter, if any, and to what the Governor told him, if anything, then his testimony would be a hollow shell. Trooper Ferguson is a defendant, but the case revolves around the alleged actions of then-Governor Clinton, the central figure in this action.

## III.

The Court is concerned about the possibility that some discovery may be necessary to preserve documentary evidence in this case, such as business records of the Excelsior Hotel and records of state agencies. The President recognizes Plaintiff's concern that evidence may be lost, and suggests that they may be able to cooperate to obtain informal discovery or, if the need is disputed, the aggrieved party could apply to the Court of Appeals for permission to take limited discovery. (*See* Mem.Supp.Mot. to Stay at 10 n. 7.) This appears to be the only solution to this potential problem. Therefore, the Court encourages the parties to cooperate to preserve specific items of evidence that may be lost due to the passage of time.

## IV.

IT IS THEREFORE ORDERED that the Motion for Stay Pending Appeal is hereby granted.